[Civ. No. 11505. Second Appellate District, Division Two.—September 8, 1937.]

F. M. COVERLEY, Respondent, v. FRED L. WILKE CO. (a Corporation) et al., Appellants.

Arthur Wm. Green and C. H. Scharnikow for Appellants.

Mayock & Lester for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action based upon an indorsement and guaranty of a promissory note. The answer of the defendants, while admitting the execution of the papers, set up as affirmative defenses that they were without consideration and that they were obtained by means of threats and extortion; that in order to compel the defendants to purchase certain shares of stock in the Fidelity Investors, Inc., from the plaintiff, Harvey M. Coverley, son of the plaintiff, as agent for the plaintiff, accused the defendants of allegedly unlawful acts and conduct in connection with the management and conduct of the affairs of the said corporation, of which the defendants had acted as officers; that he threatened them with exposure, arrest and criminal prosecution unless they would agree to purchase this stock for $16.63 per share; that the stock was in fact valueless, but that these threats so worked upon the fears of the defendants that they were compelled to indorse and guarantee the note sued upon as part payment of the stock.

The first contention of the defendants is that the evidence does not justify the findings of the trial court that several of the allegations of the answer were untrue. The important issue before the trial court was this: Did the plaintiff or anyone on her behalf make the threats or commit the menace charged? The defendants testified in the affirmative. The plaintiff's witnesses testified in the negative. The court believed the plaintiff's witnesses. There is substantial evidence to sustain the findings of the trial court.

The defendants next contend that the court erred in failing to find on the issue as to whether Harvey M. Coverley represented the plaintiff in all of the matters, transactions and things alleged in the answer. The defendants made this allegation in order to bind the plaintiff with the acts of said Coverley, but the court found the said Coverley did not make the threats which were alleged; and since the court found that the acts alleged did not take place it became un-

necessary to make a finding upon which the acts which did not occur could be imputed to the plaintiff.

Finally, the defendants contend that the court erred in failing to make a finding on one of the paragraphs of the answer in which it was alleged that certain matters transpired in the probate court. These allegations were merely evidentiary and there was no occasion to make a finding upon them.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 3, 1937.